UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RANCHO TEHAMA ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>  Defendant. | No.  2:15-cv-00291 JAM-CMK<br><br>**ORDER DENYING DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS** |

Defendant Federal Insurance Company ("Defendant") moves to dismiss (Doc. #8) Plaintiff Rancho Tehama Association's ("Plaintiff") Complaint (Doc. #1) in its entirety. Plaintiff opposes the motion (Doc. #11). For the following reasons, Defendant's motion is denied.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 20, 2015.

1

1      I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2           Plaintiff operates as an association of homeowners in Rancho
3 Tehama, a community near Corning, California.  Compl. ¶ 2.
4 Defendant Federal Insurance Company issued an insurance policy
5 ("2012-2013 Policy") to Plaintiff, providing coverage from March
6 1, 2012 through March 1, 2013.  Compl. ¶ 9, Ex. A.  Plaintiff
7 alleges that it "renewed" this policy, but Defendant contends
8 that it issued a *separate and distinct* insurance policy ("2013-
9 2014 Policy"), providing coverage from March 1, 2013 through
10 March 1, 2014.  Compl. ¶ 10, Ex. B.  These policies are discussed
11 in greater detail below.

12      A.   2012 "Request for a Meeting"

13           At all times relevant to the Complaint, Wendell Bonner was
14 an owner of residential property in Rancho Tehama and a member of
15 the Rancho Tehama Association.  Compl. ¶ 17.  In response to
16 Bonner's "request for a meeting with the Association, on July 24,
17 2012, the Association Board met with Mr. Bonner, the outcome of
18 which [was] that Mr. Bonner was satisfied with the Association's
19 response and did not intend to file litigation" against
20 Plaintiff.  Compl. ¶ 18.  Plaintiff does not allege any further
21 details about Bonner's "request for a meeting," or the meeting
22 itself.  None of Bonner's correspondence with Plaintiff is
23 attached to the Complaint, or referenced therein.

24      B.   Underlying Action

25           On September 27, 2013, Bonner filed a complaint (the
26 "Underlying Action") against Plaintiff in Tehama County Superior
27 Court, seeking damages for breach of fiduciary duty and
28 negligence.  Compl. ¶ 19.  Bonner alleged that Plaintiff had

2

failed to enforce the Tehama Rancho Association Covenants, Conditions, and Restrictions ("CC&Rs"), by: (1) "allowing various residence dwellings to violate the acceptable parameters"; (2) "allowing for the illegal cultivation of marijuana and other illegal substances throughout the areas controlled by [Plaintiff]"; (3) "allowing temporary outbuildings to be erected"; (4) "allowing noxious and offensive activities to be carried on throughout the various lots . . . which are unreasonable annoyances and or/nuisances to the neighborhood"; (5) "allowing trash, garbage and other refuse to be dumped and stored on various lots;" and (6) "failing to take appropriate remedial action when informed of the various defects[.]" Compl. ¶ 19, Ex. C (Bonner Complaint in the Underlying Action).

On October 3, 2013, Plaintiff tendered the Underlying Action to Defendant for defense and indemnity under the 2013-2014 Policy. Compl. ¶ 25. Defendant initially indicated that it would defend Plaintiff in the Underlying Action. Compl. ¶ 26. However, in a December 11, 2013 letter, Defendant advised Plaintiff of its position that there was no coverage for the Underlying Action, because Plaintiff had failed to timely report Bonner's claim to Defendant. Compl. ¶¶ 32, 34, Ex. D. Defendant repeated this position in a June 11, 2014 letter to Plaintiff. Compl. ¶ 40, Ex. E.

On February 4, 2015, Plaintiff filed the Complaint in this Court. Doc. #1. Plaintiff alleges the following causes of action: (1) Declaratory relief that Defendant owes an obligation under "the Federal Policy" to defend and indemnify Plaintiff in connection with the Underlying Action; (2) Breach of Insurance

1  Contract; and (3) Breach of the Implied Covenant of Good Faith
2  and Fair Dealing.

4                  II.   OPINION
5     A.   Judicial Notice
6     Defendant requests that the Court take judicial notice of
7  five documents which are not attached to the Complaint: (1) a
8  June 11, 2012 letter from Wendell Bonner to Plaintiff; (2) a June
9  12, 2012 letter from Bonner to Plaintiff; (3) a July 20, 2012
10 letter from Bonner to Plaintiff; (4) minutes from the July 24,
11 2012 meeting between Bonner and Plaintiff's Board of Directors;
12 and (5) an October 11, 2013 letter from Defendant to Plaintiff.
13 Defendant's Request for Judicial Notice, Doc. #8.
14     As a general rule, the Court "may not consider any material
15 beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Lee
16 v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).
17 However, the Court may take judicial notice of "matters of public
18 record," provided that they are not subject to reasonable
19 dispute.  Id. at 689.  None of the documents offered by Defendant
20 are public records nor are they otherwise the proper subjects of
21 judicial notice.  Accordingly, Defendant's request for judicial
22 notice is denied.
23    B.   Analysis
24    Defendant argues that Plaintiff failed to report Bonner's
25 claim in a timely manner, and that Defendant is therefore not
26 required to defend and indemnify Plaintiff under the 2012-2013
27 Policy.  Mot. at 1.  Specifically, Defendant argues Bonner's 2012
28 contact with Plaintiff was a "Claim" under the 2012-2013 Policy,

4

and that the 2013 Underlying Action is a "Related Claim" within the terms of that policy. Mot. at 8. Therefore, Defendant argues, under the terms of the 2012-2013 Policy, Plaintiff was obligated to notify Defendant of Bonner's 2012 claim by no later than May 1, 2013. Mot. at 10.

Plaintiff responds, in part, by arguing that "it is not appropriate, on a motion to dismiss challenging the pleadings, to determine whether claims are Related Claims." Opp. at 6. Plaintiff urges that the issue of whether claims are related is best evaluated in light of a fully developed evidentiary record. Opp. at 6. Relatedly, Plaintiff argues that Defendant improperly relies on documents not attached to, or referenced in, the Complaint. Opp. at 5.

The 2012-2013 Policy provides coverage for "'Claims' first made during the 'policy period,' or any extended reporting period[.]" Compl., Ex. A, Declarations, Item 1. The Policy defines a "Claim" as including any "written demand for monetary damages." Compl., Ex. A, Director & Officers Liability Coverage Section. The "Policy Period" is defined as spanning from March 1, 2012 through March 1, 2013. Compl., Ex. A, Declarations, Item 2. The Policy further provides that the "Insured shall, as a condition precedent to exercising rights under this Coverage Section, give to [Defendant] written notice as soon as practicable of a Claim, but in no event later than sixty (60) days after the end of the Policy Period." Compl., Ex. A, Director & Officers Liability Coverage Section, VII (A). Accordingly, it is Defendant's position that Plaintiff is only entitled to receive coverage for a Claim first made between March

1, 2012 and March 1, 2013, if it reported that claim to Defendant no later than May 1, 2013.

Importantly, the 2012-2013 Policy provides that all "Related Claims will be treated as a single Claim made when the earliest of such Related Claims was first made[.]" Compl., Ex. A, Director & Officers Liability Coverage Section, VII (D). "Related Claims," in turn, are defined as "all Claims for Wrongful Acts based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." Compl., Ex. A, General Terms and Conditions Section, II(M).

In light of these terms, Defendant's argument is quite straightforward: Bonner's 2012 contact with Plaintiff constituted a "Claim" because it was a written demand for monetary damages. This 2012 Claim and the Underlying Action are "Related Claims," and therefore must be treated as a single Claim, which is deemed to have first been made in 2012 when Bonner first contacted Plaintiff with a written demand for damages. Therefore, when Plaintiff notified Defendant of this Claim in October 2013, it was well past the May 1, 2013 reporting deadline.

However, as Plaintiff argues, the issue of whether the 2012 Claim and the Underlying Action are "Related Claims" necessarily entails a factual inquiry, which is premature for the Court to conduct on a motion to dismiss. At least one other federal district court in California has reached the same conclusion. <u>RQ Const., Inc. v. Executive Risk Indem., Inc.</u>, 2014 WL 654619, at *10 (S.D. Cal. Feb. 18, 2014). In declining to reach the issue

6

1  of whether claims were "Related Claims," the court noted that
2  "[t]he parties both lose sight of a critical fact here, however.
3  Now before the Court is a *motion to dismiss*, which presents the
4  narrow, threshold question whether [Plaintiff] has stated
5  sufficient facts that, if true, entitle it to relief." RQ
6  Const., 2014 WL 654619, at *10 (emphasis in original).  The
7  court went on to note that none of the cases cited by the parties
8  resolved the issue of whether claims were related at the motion
9  to dismiss phase. Id. at *10.

10  To determine whether the 2012 Claim and the Underlying
11  Action are related, the Court would first need to determine the
12  scope of each claim. See Bay Cities Paving & Grading, Inc. v.
13  Lawyers' Mut. Ins. Co., 5 Cal.4th 854, 872-73 (1993) (embracing a
14  case-by-case analysis in determining whether claims are related).
15  However, the Court cannot reliably determine the scope of either
16  claim based solely on the allegations and documents attached to –
17  and referenced in - the Complaint.  With regard to the 2012
18  Claim, the Complaint merely alleges that Bonner made a "request
19  for a meeting" with Plaintiff, and that Plaintiff's Board of
20  Directors "met with Mr. Bonner." Compl. ¶ 18.  No further
21  details are evident from the face of the Complaint.

22  Although Defendant urges the Court to consider several
23  letters written by Bonner to Plaintiff, as well as the minutes
24  from the meeting between Plaintiff's Board of Directors and
25  Bonner, these documents are not properly before the Court.  It is
26  true that the Ninth Circuit has held that "documents whose
27  contents are alleged in a complaint and whose authenticity no
28  party questions, but which are not physically attached to the

7

1 | pleading, may be considered in ruling on a Rule 12(b)(6) motion
2 | to dismiss." Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.
3 | 1994) overruled on other grounds by Galbraith v. Cnty. of Santa
4 | Clara, 307 F.3d 1119 (9th Cir. 2002).  However, the documents
5 | submitted by Defendant were not referenced in the Complaint, nor
6 | were their "contents . . . alleged" in the Complaint.  Id.
7 | Defendant's attempt to extend this exception, on the basis that
8 | the "Complaint depends on the contents of Mr. Bonner's June and
9 | July 2012 letters," is not well-taken.  Mot. at 6, n.4.  Neither
10 | the letters nor the minutes are even alluded to in the body of
11 | Plaintiff's Complaint, nor are they "central" to Plaintiff's
12 | claims.  Cf. United States v. Ritchie, 342 F.3d 903, 908 (9th
13 | Cir. 2003) (noting that the doctrine of incorporation may allow
14 | the Court to consider the "contents of an insurance plan" when
15 | presented with a plaintiff's claim for insurance coverage).
16 | Adopting Defendant's approach would allow the "incorporation by
17 | reference" exception to swallow the general rule that "a district
18 | court may not consider any material beyond the pleadings in
19 | ruling on a Rule 12(b)(6) motion."  Hal Roach Studios, Inc. v.
20 | Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).
21 |     Nor does the fact that Bonner's June and July 2012 letters,
22 | and the July 24, 2012 minutes, were referenced in Defendant's
23 | June 11, 2014 letter (which was attached to the Complaint) change
24 | the Court's analysis.  Defendant cites no authority for the
25 | proposition that documents referenced in an *attachment* to a
26 | complaint are properly considered on a motion to dismiss.  Such a
27 | result would be particularly prejudicial here, as Plaintiff
28 | merely attached the June 11, 2014 letter to show that Defendant

1  had, in fact, denied coverage under the 2012-2013 Policy. Compl.
2  ¶ 40.
3       Even if the Court were to consider these documents, the
4  analysis would be complicated by their poor quality and the
5  ambiguity of their contents. For example, the June 11, 2012 and
6  June 12, 2012 Bonner letters (or, at least, the copies submitted
7  by Defendant) are faded to such an extent that entire phrases are
8  illegible. Carson Declaration, Ex. A; Ex. B. Furthermore, the
9  July 20, 2012 Bonner letter is as confusing as it is lengthy.
10 Carson Declaration, Ex. C. On pages two through four, Mr. Bonner
11 lists a number of "by-laws," which ostensibly govern residents
12 and members of the Tehama Rancho Association. Id. However, it
13 is unclear, from the face of the letter, whether Bonner was
14 claiming that each of these provisions had been violated. Id.
15 Such a fact is integral to determining the scope of the 2012
16 Claim. The minutes from the July 24, 2012 meeting are brief and
17 give no further information on the scope of Bonner's complaints.
18 Carson Declaration, Ex. D. Further development of the
19 evidentiary record is necessary to determine the scope of the
20 2012 Bonner Claim.
21      Similarly, the scope of the Underlying Action cannot be
22 definitively determined from the face of the Complaint. The
23 complaint filed in the Underlying Action is properly before the
24 Court, as an attachment to Plaintiff's Complaint. Compl. ¶ 19,
25 Ex. C. However, in its opposition brief, Plaintiff represents
26 that "Bonner's counsel contends [that a reference in the
27 complaint to 'other illegal substances'] refers to
28 methamphetamine and 'honey oil' manufacturing." Opp. at 2. As

9

Defendant notes, Plaintiff "attributes this information to 'Bonner's counsel,' whose identity and when/how the information was conveyed, is not disclosed." Reply at 1, n.1 (citations omitted). This dispute is entirely extra-record, and perfectly encapsulates why the relatedness of claims is not properly addressed on a motion to dismiss. Further development of the record will also aid the Court's determination of the scope of the Underlying Action.

The Court does not find persuasive Defendant's reliance on the argument that the timely reporting requirement is not a policy exclusion which must be proven as an affirmative defense, but rather is a condition precedent which must be proven by Plaintiff. Reply at 1. Regardless of whether the burden of proof ultimately lies with Plaintiff or Defendant, the issue of whether claims are related remains too fact-dependent to resolve on a motion to dismiss.

For all of these reasons, the Court cannot – and does not – detrmine whether the 2012 Bonner Claim and the Underlying Action are "Related Claims" within the meaning of the 2012-2013 Policy. The entirety of Defendant's motion depends on a finding that these claims are related. If the claims are not related, then Plaintiff's tender of the Underlying Action to Defendant was timely and Defendant's argument fails. Also, Defendant's argument concerning the third cause of action (breach of the implied covenant of good faith and fair dealing) requires the Court to evaluate the objective reasonableness of Defendant's determination that coverage for the Underlying Action did not exist. An inquiry into the reasonableness of this determination,

in turn, requires the Court to determine the reasonableness of Defendant's conclusion that the claims were related. Without a fully developed evidentiary record, the Court cannot find that such a conclusion was objectively reasonable. See RQ Const., 2014 WL 654619, at *11 (S.D. Cal. Feb. 18, 2014) (holding that, "[w]hen the question is whether one party's interpretation of an insurance policy's language is reasonable, . . . it seems the best course is for the evidentiary record to be absolutely complete before the Court should consider dismissing a claim for the breach of covenant of good faith and fair dealing on the ground that an insurer's denial was reasonable"). Thus, Defendant's motion fails with respect to each of Plaintiff's causes of action.

## III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss:

IT IS SO ORDERED.

Dated: May 28, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE